

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Dorman Nickels
County Attorney
Wharton County
Wharton, Texas

Dear Sir:

Opinion No. O-4362
Re: Maximum salary of County Treas-
urer of Wharton County

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"There being a question in the minds of
the County Auditor, County Treasurer and County
Attorney of Wharton County, Texas, as to the
maximum salary allowed the County Treasurer of
said County under existing laws for the year
1942. And it being the desire of said named
officials that said salary be fixed in a sum
not exceeding the sum allowed by law, it is
felt advisable that the following question be
propounded to your department:

"'What, under existing laws as applicable
to Wharton County, is the maximum salary al-
lowed the County Treasurer of Wharton County
for the year 1942?'

"FACTS:

"Wharton County is a county of 36,333 in-
habitants, 1941 Federal Census, and has a tax
valuation of $51,109,319.00 for the year 1942,
according to the last approved tax roll.

"AUTHORITIES AND DISCUSSION:

"Art. 3912e Sec. 13, in substance, directs
the Commissioners' Court in Counties in excess

Honorable Dorman Nickels, Page 2

of 20,000 and not more than 190,000 inhabitants according to the last preceeding Federal Census, to fix salaries of certain named officials, including the County Treasurer. It directs that the salary be fixed at a sum 'not less than the total sum earned by the respective office for the year 1935 and not more than the maximum amount allowed such officer under laws existing on August 24, 1935'. It further provides that 'in counties having a population of more than 20,000 and less than 37,500 inhabitants and having a valuation in excess of 15 million, the salaries may be increased 1% for each one million dollars or fraction thereof in excess of said 15 million dollars, over and above the amount allowed said official under laws existing in 1935'.

"From the above it is seen that in fixing the salary for the County Treasurer of Wharton County, it is necessary that the Commissioners' Court determine the maximum salary allowed the County Treasurer under laws existing on August 24, 1935. And in this connection the following argument and authorities are respectfully submitted for the assitance of your department:

"Art. 3941 provides in substance, that the County Treasurer shall receive commissions on money received and paid out by him not to exceed 2½% that what has been paid out and received.

"Art. 3942 provides in substance that, of moneys received and paid out which belong to school funds, the Treasurer shall receive a commission not greater than ½ of 1%.

"Art. 3943 in substance, provides that the commission allowed County Treasurers shall not exceed $2,000.00 per year. Here follow certain exceptions, none of which apply to Wharton County, as shown above. This article was passed in 1920, and amended in 1927, and 1931, and appears to be the law governing the maximum salary for said office in August 24, 1935, and is unaffected by Arts. 3941 and 3942, supra, since Art. 3943, has

repealed the above articles by implication due to the fact that it was enacted subsequent to said articles, if conflict exists.

"But, in my opinion, no conflict between Art. 3941, 3942 and 3943 appears because Art. 3043, by its express terms, simply limits the amount of commissions that may be earned under Art. 3941 and 3942.

"Since the County Treasurer of Wharton County could earn as commissions $2,000100 as of August 25, 1935; by direction of Art. 3943, this sum plus 1% for each million in excess of 15 million and fraction thereof, which would be $37,000,000.00 or $740.00, making a total of $2740.00, is the maximum figure to be fixed as the 1942 salary of said official in the opinion of the writer."

Your are respectfully advised that it is the opinion of this department that you have correctly answered the question and that under the facts stated in your letter the sum of $2,740.00 is the maximum figure at which the 1942 salary of the County Treasurer of Wharton County can be fixed. See authorities cited in and reasoning of opinion No. O-2973 of this department, which among other things passed on the salary of the County Treasurer of Hunt County, Texas. We enclose herewith a copy of said opinion for your information.

                                        Very truly yours

                                        ATTORNEY GENERAL OF TEXAS

APPROVED FEB 5, 1942

FIRST ASSISTANT                By
ATTORNEY GENERAL
                                        Wm. J. Fanning
                                        Assistant

WJF:CO

ENCLOSURE

